[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AND ORDER FOR FURTHER HEARING
This action is brought in two counts. The first count is a claim for back rent and incidental expenses. The second count is a suit upon a note. The plaintiff also claims counsel fees. The facts of this controversy are as follows. Plaintiff Elias Jaser purchased a building known as 802 George Street in New Haven, Connecticut. At the time of the purchase three businesses were operating on the premises: a delicatessen, a dry cleaners, and a hair dressing salon. The dry cleaning business was acquired by the CT Page 11281-S plaintiff as part of the purchase of the premises known as 802 George Street. The plaintiff decided to sell the dry cleaning business, and advertised it for sale.
Defendant Raymond Mansi responded to plaintiff Elias Jaser's advertisement. On October 26, 1988 plaintiff Elias Jaser formally acknowledged signing a Bill of Sale of Personal Property. By the bill of sale the plaintiff transferred to the defendant items necessary for operating the dry cleaning business.[1]
The consideration stated on the bill of sale is $ 20,000. A payment of $ 5,000.00 by the defendant is noted on the bill of sale. On October 26, 1988, the defendant executed a note in the amount of $ 15,000, plus interest of ten per cent per annum, payable to the plaintiff, as the remainder of the consideration. The note called for monthly payments of $ 318.00. On the same day upon which the note was signed — October 26, 1988 — the parties signed a lease for a five-year term for the space in which the dry cleaning establishment would be operated at 802 George Street in New Haven.
The defendant operated the dry cleaning business until June of 1990 when he vacated the premises but after the plaintiff had instituted a summary process action, returnable on May 22, 1990.
As stated earlier, the plaintiff claims damages from breach of lease, due to non-payment of rent, as well as damages due for non-payment of the balance due under the note. In addition, the plaintiff claims damages in the amount of $ 1,000 resultant from having to remove the defendant's equipment and for cleaning preparatory to re-letting the premises. Although defendant Raymond Mansi testified that plaintiff Elias Jaser forgave the balance of the note, and the monies due under the lease, the Court finds insufficient evidence to support such testimony.
However, the Court finds that the evidence does support the plaintiff's claim that damages in the amount of $ 5,400 are due for unpaid rent and/or use and occupancy for the months of May 1990 through November 1990.[2]
Furthermore, the Court finds that the plaintiff has CT Page 11281-T established his entitlement to the $ 1,000.00 for removal of equipment and cleanup.
Plaintiff Elais Jaser's final claim in his complaint is for $ 21,693.00, the balance, with interest, allegedly due under the promissory note. Although the plaintiff testified that the last payment which the defendant made on the note was in July of 1989, he claims unpaid payments starting in November of 1989. Furthermore, the Court does not find convincing the defendant's claim that the plaintiff forgave the payment of the note. The Court finds the plaintiff's testimony credible on the issue of the amount due under the promissory note.
Accompanying the defendant's Answer is a Counterclaim set out in two remaining counts.[3] In the first count the defendant claims that plaintiff Elias Jaser's actions and inactions in improperly investigating the cause of action prior to commencing and in prosecuting this action against him is based in personal gain and constitutes an abuse and misuse of process,[4] as well as the intentional or negligent infliction of emotional distress. The second count, while incorporating the allegations of the first count, adds the defendant's claim that this litigation of the plaintiff is being undertaken for the sole purpose of harassing and humiliating him, as well as for forcing him to expend considerable sums in his legal defense. The plaintiff denies the allegations set out in the defendant's counterclaims.
After an examination of the evidence, the Court finds the defendant's Counterclaims to be unavailing.
In conclusion, with the exception of the issue of counsel fees in the first count, the Court finds the issues in counts one and two of the Complaint for the plaintiff. Given this finding, the only remaining issue is that of counsel fees under the first count of the complaint, and the amount of such fees under both counts. The Court orders that the parties brief whether the language of paragraph 8.2 of the lease includes attorney's fees.
Furthermore, the Court orders that counsel and/or the parties appear on November 9, 1995 at 9:30 a.m. in CT Page 11281-U Courtroom 6, Superior Court, 121 Elm Street, New Haven, Connecticut, to be heard on the issue, including the amount, of plaintiff's counsel fees in this case. The parties' briefs and supporting affidavits on this issue shall be submitted to the Court on or before November 7, 1995.
Clarance J. Jones, Judge